```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
U.S. BANK NATIONAL ASSOCIATION,

                    Plaintiff,
                                            ORDER
          v.
                                       19-CV-6119(KAM)(RER)
JUNE BROWN, et al.,

                    Defendants.
----------------------------------X
```

**KIYO A. MATSUMOTO, United States District Judge:**

On October 30, 2019, U.S. Bank National Association, in its capacity as the trustee for the RMAC Trust, Series 2016-CIT ("Plaintiff"), filed this foreclosure action against June Brown, the New York City Parking Violations Bureau, and North Shore University Hospital at Manhasset ("Defendants"), related to a property over which June Brown held a mortgage, and the other Defendants held liens. (*See generally* ECF No. 1, Complaint.) Plaintiff served Defendants in November 2019. (ECF Nos. 7-9, Summonses Returned Executed.) No Defendants appeared in the action, and the Clerk of Court entered Defendants' defaults on December 19, 2019. (ECF No. 11, Entry of Default.) Since then, Plaintiff has taken no further action. Plaintiff's case is therefore DISMISSED for failure to prosecute and comply with a court order.

By order dated April 2, 2021, after Plaintiff had failed to take any action in the case since December 2019, the

1

court ordered Plaintiff to file a letter by April 7, 2021, indicating whether it intended to move forward with the action. (ECF Dkt. Order Apr. 2, 2021.)  The court warned that "Plaintiff's failure to do so may result in a dismissal for failure to prosecute." (*Id.*)  The court has not received a response from Plaintiff as of the date of this Order.

"Although not explicitly authorized by Rule 41(b) [of the Federal Rules of Civil Procedure], a court may dismiss a complaint for failure to prosecute *sua sponte*," and may do so for failure to comply with a court order.  *Zappin v. Doyle*, 756 F. App'x 110, 111-12 (2d Cir. 2019) (summary order).  A court considering whether to dismiss an action for failure to prosecute must weigh the following factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.  No single factor is generally dispositive.

*Id*. at 112.  The factors here favor dismissal of this case.

*First*, Plaintiff has taken no action to prosecute this case since December 2019, nearly a year and a half ago. Plaintiff continued to take no action despite this court's recent order, issued more than one week ago, that it file a

2

letter indicating whether it intended to move forward. The deadline for Plaintiff to make its intentions known passed last week.

*Second*, the court's April 2, 2021 order put Plaintiff on notice that the Court would dismiss this action for failure to prosecute unless Plaintiff responded. In response, Plaintiff did nothing.

*Third*, "while the prejudice to defendant and the burden on the [c]ourt are currently minimal, [P]laintiff's delay 'lean[s] in the direction of dismissal' even if 'only slightly.'" *Rozell v. Berryhill*, No. 18-cv-969 (AJN)(JLC), 2019 WL 1320514, at *2 (S.D.N.Y. Mar. 25, 2019) (quoting *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 210 (2d Cir. 2001)). Defendants have an interest in having this case closed if Plaintiff does not intend to see it through.

*Fourth*, the court must also consider the heavy demands of its docket. This action has been dormant for nearly a year and a half, and Plaintiff's counsel has not indicated that Plaintiff intends to move forward with this action, despite the court's order to inform the court of its intentions. "Since [P]laintiff has shown no interest in moving this case forward, the [c]ourt's need to reduce docket congestion outweighs the [P]laintiff's right to be heard in this case." *Phair v. Suffolk Cty. Corr. Facility*, No. 19-cv-3302 (GRB), 2020 WL 3489495, at

\*2 (E.D.N.Y. June 26, 2020); *see also Antonios A. Alevizopoulos & Assocs., Inc. v. Comcast Int'l Holdings, Inc.*, No. 99-cv-9311 (SAS), 2000 WL 1677984, at \*3 (S.D.N.Y. Nov. 8, 2000) ("The efficient administration of judicial affairs—a consideration vital to the [c]ourt's ability to provide meaningful access to other litigants—depends on the [c]ourt's overseeing its docket and guaranteeing that its cases progress with appropriate speed.").

*Finally*, no lesser sanction will be effective in moving this action forward.  Plaintiff has ignored its obligation to prosecute this case since December 2019, and ignored this court's recent order to indicate how it intends to proceed.  If the case is not dismissed, it will likely remain open and stalled for the foreseeable future.

Accordingly, the case is hereby DISMISSED for failure to prosecute and comply with a court order.

The Clerk of Court is directed to enter judgment dismissing the case, and to close the case.

**SO ORDERED.**

Dated:   Brooklyn, New York
         April 13, 2021

                                          /s/
                                    Hon. Kiyo A. Matsumoto
                                    United States District Judge

4